David F. Corrigan, Esq. (DFC-6305)
The Corrigan Law Firm
54B West Front Street
Keyport, NJ 07735
(732) 888-3868
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY HOLMES, | |
|     Plaintiff, | |
| v. | Civil Action No. |
| CITY OF ORANGE, a municipal corporation; CHRISTOPHER HARTWYCK, individually and as Business Administrator of the City of Orange | |
| | CIVIL ACTION |
|     Defendants. | **COMPLAINT AND JURY DEMAND** |

I.   **Introduction**

This is an action brought under the Fair Labor Standards Act, 29 U.S.C. § 207 and 42 U.S.C. § 1983 to redress failure of the City of Orange ("Orange") to pay overtime to Anthony Holmes, an Orange Police Officer.

II.   **Jurisdiction**

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) in that the claims herein arise under 42 U.S.C. § 1983 and the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

III.   **Venue**

Venue in this case is at the United States District Court for the District of New

Jersey because all of the events alleged in this Complaint occurred in New Jersey and because all the parties in this case reside in New Jersey.

IV.   **Parties**

1.   Plaintiff Anthony Holmes ("Holmes") is a police officer employed by Orange. He is a United States Citizen and a resident of East Orange, New Jersey.

2.   Defendant City of Orange ("Orange") is a municipal corporation of the State of New Jersey. Its main business address is 29 N. Day Street, Orange, New Jersey 07070.

3.   Defendant Christopher Hartwyck ("Hartwyck") is the Business Administrator of Orange. His main business address is also 29 N. Day Street, Orange, New Jersey 07070.

## COUNT ONE

### (42 U.S.C. § 1983)

V.   **The Facts**

4.   Holmes has been a police officer during all relevant times set forth in this Complaint.

5.   In addition, during all relevant times set forth in this Complaint, he has been a member and officer of the Orange PBA, Local #89.

6.   As a member and officer of the PBA, Holmes has advocated concerning several issues of public concern including preventing layoffs of Orange PBA members which had been proposed by Hartwyck. Holmes did so because, among other things, said layoffs would have negatively impacted upon the public safety and welfare of the residents and businesses of Orange as well as the men and women of the PBA. Holmes' activity in this regard is protected by the 1st

amendment to the United States Constitution and the New Jersey Constitution.

7. Holmes, like all other Orange police officers, are entitled to overtime at the rate of time and one-half for work performed after having worked 40 hours in one week.

8. Hartwyck, by virtue of his position as Business Administrator, acts as a "policy maker" for Orange. Among his duties and responsibilities is to approve requests for overtime. Without any valid reason, Hartwyck and Orange have failed to approve Holmes' valid requests for overtime payment. Said refusal was because Holmes had engaged in activity protected by the respective Constitutions.

9. On or about May 1, 2017, through January 5, 2018, soon after Holmes engaged in the protected activity set forth above, Holmes did not receive overtime pay even though he repeatedly worked more than 40 hours weekly. Specifically, Holmes worked 761.5 overtime hours and he was not paid for same. Hartwyck and the City have not made this payment despite repeated requests that he do so. The reason he has refused to do so is in retaliation because of Holmes' exercise of his protected 1st amendment activity as set forth above.

10. This conduct by the City and Hartwyck violates 42 U.S.C. § 1983.

WHEREFORE, Plaintiff demands judgment against Defendants Orange and Hartwyck as follows:

    A. Awarding Holmes compensatory damages;

    B. Awarding Holmes Punitive Damages;

    C. Cost of Suit and Attorney Fees;

    D. Pre and Post-judgment Interest;

    E.    A permanent injunction prohibiting future wrongful withholding of overtime pay;

    F.    Such other relief that the Court shall deem just and equitable.

## COUNT TWO

### (New Jersey Constitution)

11.    Plaintiff repeats each and every allegation as set fully set forth herein.

12.    Plaintiff's activity as a PBA officer was protected by the New Jersey Constitution.

13.    Holmes was not paid overtime because he engaged in the above activity. Said activity violates the New Jersey Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants Orange and Hartwyck as follows:

    A.    Awarding Holmes compensatory damages;

    B.    Awarding Holmes Punitive Damages;

    C.    Cost of Suit and Attorney Fees;

    D.    Awarding Holmes Pre and Post-judgment Interest;

    E.    A permanent injunction prohibiting future wrongful withholding of overtime pay;

    F.    Such other relief that the Court shall deem just and equitable.

## COUNT THREE

### (Fair Labor Standards Act ("FLSA") Violation)

14.    Plaintiff repeats each and ever allegation as set forth at length herein.

15.    The Fair Labor Standards Act 27 U.S.C. 207 requires that Holmes be paid

overtime at the rate of time and one-half his regular salary after 40 hours of work per week.

16. The City and Hartwyck repeatedly did not pay Holmes the requisite overtime rate for work he performed after 40 hours per week. Said failure to pay was a wilful violation of the FLSA..

WHEREFORE, Plaintiff demands judgment against Defendants Orange and Hartwyck as follows:

    A.    Payment of the overtime that was wrongfully denied him;

    B.    Liquidated and double damages;

    C.    Awarding Holmes compensatory damages;

    D.    Awarding Holmes Punitive Damages;

    E.    Awarding Holmes Pre and Post-judgment Interest

    F.    Cost of Suit and Attorney Fees; and

    G.    Such other relief that the Court shall deem just and equitable.

## COUNT FOUR

### (Violation of the New Jersey Wage and Hour Law)

17. Plaintiff repeats each and every allegation as set fully set forth herein.

18. The New Jersey Wage and Hour Law, N.J.S.A. 34:11-1 et. seq. requires Orange to pay Holmes time and one-half his normal rate of pay for all hours worked over forty hours per week.

19. Orange and Hartwyck violated the New Jersey Wage and Hour Law.

WHEREFORE, Plaintiff demands judgment against Defendants Orange and Hartwyck as follows:

    A.    Payment of the overtime that was wrongfully denied him;

    B.    Liquidated and double damages;

    C.    Awarding Holmes compensatory damages;

    D.    Awarding Holmes Punitive Damages;

    E.    Awarding Holmes Pre and Post-judgment Interest

    F.    Cost of Suit and Attorney Fees; and

    G.    Such other relief that the Court shall deem just and equitable.

## COUNT FIVE

### (Violation of New Jersey Civil Rights Act - - N.J.S.A. 10:6-2 et. seq.)

20. Plaintiff repeats each and every allegation as set fully set forth herein.

21. The New Jersey Civil Rights Act, N.J.S.A. 10:6-2 et. seq. prohibits federal and/or state violations of law.

22. Defendants actions against Plaintiff set forth previously violate the New Jersey Civil Rights Act.

WHEREFORE, Plaintiff demands judgment against Defendants Orange and Hartwyck as follows:

    A.    Payment of the overtime that was wrongfully denied him;

    B.    Liquidated and double damages;

    C.    Awarding Holmes compensatory damages;

D.   Awarding Holmes Punitive Damages;

E.   Awarding Holmes Pre and Post-judgment Interest

F.   Cost of Suit and Attorney Fees; and

G.   Such other relief that the Court shall deem just and equitable.

_____
The Corrigan Law Firm
Attorney for Plaintiff

Dated: October 17, 2018

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues so triable.

_____
The Corrigan Law Firm
Attorneys for Plaintiff

Dated: October 17, 2018